IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-00304-WDM

UNITED STATES OF AMERICA,

    Petitioner,

v.

LOUIE M. RODRIGUEZ,

    Respondent.

## ORDER HOLDING RESPONDENT IN CONTEMPT

Miller, J.

    On November 18, 2009, I ordered Respondent to show cause why contempt and sanctions should not be entered against him.

    On October 7, 2008, Respondent was first served with IRS summonses. These summonses required him to appear before an IRS Revenue Officer and produce documents on or before November 5, 2008. Respondent failed to appear or produce any documents on or before that date. *See* Doc. No. 1, Petition to Enforce Internal Revenue Service Summonses.

    On February 13, 2009, the United States filed a Petition to Enforce Internal Revenue Service Summonses. Doc. No. 1.

    On February 19, 2009, I issued an Order to Show Cause. *See* Doc. No. 2. The Order to Show Cause ordered Respondent to appear before this Court at a Show Cause Hearing on March 25, 2009. *Id.*

The IRS personally served Respondent with the Order to Show Cause on March 5, 2009. *See* Doc. No. 3.

On March 25, 2009, I issued a Minute Order continuing the Show Cause Hearing to April 14, 2009, and mailed this Order to Respondent. *See* Doc. No. 4. Respondent did not appear and on April 14, 2009.

On April 14, 2009, I entered a Final Enforcement Order requiring Respondent to comply, no later than May 18, 2009, with the Internal Revenue Service ("IRS") summonses that had been served upon him by the IRS. *See* Doc. No. 8. Mr. Rodriguez did not comply with my April 14, 2009 Order.

On July 20, 2009, the United States filed a Motion to Enforce Order. Doc. No. 10.

On November 18, 2009, I issued an Order to Show Cause on or before December 21, 2009, why I should not find Respondent in contempt of court for failure to comply with my April 14, 2009 Final Enforcement Order and impose sanctions against him, which could include confinement and/or monetary penalty. I further ordered that, if no response had been received by December 21, 2009, an order would enter granting the Petitioner's Motion to Enforce Order, finding Mr. Rodriguez in contempt of court, and imposing sanctions to include confinement and/or a monetary penalty. Doc. No. 11. Respondent has not responded to the Order to Show Cause.

For the reasons stated on the record, I conclude that the United States has demonstrated by clear and convincing evidence that: (1) a valid court order existed; (2) Respondent had knowledge of the order; and (3) Respondent disobeyed the order. *See FTC v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (citing *Reliance Ins. Co. v.*

*Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)). Consequently, I find Respondent should be found in civil contempt.

Additionally, I find that, in order to coerce Respondent into compliance with the order, and to compensate the United States for its loss of tax revenue, the Respondent should be fined $50 each day after March 2, 2010 that he does not comply with my November 18, 2009 order. However, in order to ensure that the fines are coercive and remedial, and not punitive, Defendant will not be assessed the fine if he complies by March 22, 2010.

A status conference will be held on April 1, 2010 to determine if Defendant remains noncompliant. In addition, Respondent will be ordered to show cause on or before April 1, 2010, why I should not initiate criminal proceedings against him. A showing of compliance with my November 18, 2009 order will suffice to demonstrate that criminal contempt proceedings should not be initiated. However, should Respondent not appear at the April 1, 2010 status conference, I may initiate criminal contempt proceedings against him.

Accordingly, it is ordered:

1. Respondent Louie M. Rodriguez is held in contempt of court.
2. Beginning on March 2, 2010, Respondent will be assessed a $50 fine per day that he does not comply with my November 18, 2009 order, including by:
    a. complying with and obeying the IRS summonses served upon him by appearing at the IRS office at 56 Inverness Drive East, Englewood, Colorado, 80112 before Revenue

3

              Officer Victoria Ayers, telephone number (720) 956-4324, (or other location to be agreed upon by the parties), at a time to be agreed upon by the parties, but not later than March 22, 2010;

      b.    giving testimony and producing for examination and copying the records, documents, and other data demanded by the IRS summonses.

3. If Respondent has complied with these obligations by March 22, 2010, then no fine shall be assessed.

4. If Respondent fails to comply with these obligations, the daily fine will continue to accrue until he does comply, or I otherwise order.

5    Respondent shall appear at the status conference scheduled for **April 1, 2010 at 11:00 a.m.** in the Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A902.

6. Respondent shall show cause on or before April 1, 2010 why I should not initiate criminal contempt proceedings against him.

DATED at Denver, Colorado on March 2, 2010.

                                BY THE COURT:

                                /s/ Walker D. Miller
                                United States District Judge